LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
 COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Randell Parker, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARY KATHLEEN RAMSEY,<br><br>Debtor. | Case No. 10-15108-B-7<br><br>Chapter 7<br><br>DC No. KDG-3<br><br>**MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY TO THIRD PARTY**<br><br>Date: November 3, 2011<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>1300 18th Street, Ste. A<br>Bakersfield, California<br>Judge: W. Richard Lee |

Randell Parker, Chapter 7 Trustee ("the Trustee"), respectfully represents:

I. **INTRODUCTION**

The Trustee moves the Court for authority to sell the estate's interest in the real property and 1980 Silvercrest 12x64 doublewide mobile home located at 6301 Springdale, Bakersfield, California 93313 (together "the Real Property") to Zbigniew Bobinski and Boqumila Bobinski ("Buyers") for $32,000.00. A legal description for the Real Property (lot) is attached as Exhibit "A" to the *Exhibits in Support of the Motion for Order Authorizing Trustee to Sell Real Property to Third Party* ("the Exhibits"). The Trustee believes that the sale of the estate's interest in the real property to Buyers is in the best interest of the estate because Buyers are paying fair market value, have cash and escrow will be able to close within thirty days of approval of the sale. Additionally, the Real Property is the only asset of

the estate and the Trustee will be able to complete the administration of the Chapter 7 case filed by Mary Kathleen Ramsey ("Debtor") once the sale is approved and escrow closes.

**II.    FACTUAL BACKGROUND**

Randell Parker is the duly appointed, qualified, and acting Trustee in the case.

The Court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

Debtor filed a Voluntary Petition Under Chapter 7 on May 7, 2010. Debtor did not list the Real Property in her original *Schedule A – Real Property*. Debtor disclosed her interest in the Real Property at the Meeting of Creditors and filed a second amendment to her Schedules on August 12, 2010, noting no claim of exemption in the Real Property. A copy of the 2nd Amendment to Schedule C is attached as Exhibit "B" to the Exhibits.

Debtor does not reside at the Real Property. According to a Preliminary Title Report obtained from Placer Title Company, the Real Property is owned free and clear of any liens.

Debbie Craig-Banducci received an offer from Buyers to purchase the Real Property for $32,000.00. The Trustee has accepted the offer and believes $32,000.00 represents the fair market value of the Real Property and the best price obtainable under the conditions of Debtor's Chapter 7 case because the property has been listed for almost a year and there has been little interest in the property. However, the sale of the Real Property is subject to higher and better bids at the time of the hearing.

The Trustee and Buyer executed and entered into a *California Residential Purchase Agreement and Joint Escrow Instructions* ("Agreement"). A copy of the Agreement is attached as Exhibit "C" to the Exhibits. Buyers have deposited $1,000.00 into escrow pending the approval of the Motion.

The Trustee believes that the sale of the Real Property to Buyers is in the best interest of the estate because it will yield approximately $28,215.89 to be distributed to creditors. The Trustee's opinion regarding the amount to be available to the estate is based on the information contained in Debtors' schedules and the following calculation:

///

35L7431.DOC

2

|  |  |
|---|---|
| Offer: | $ 32,000.00 |
| Approximate Amount of Secured Claims: | $ 1,224.11[1] |
| Approximate Cost of Sale (8% of Sales Price) | $ 2,560.00 |
| **Approximate Amount to be Paid to Estate:** | **$ 28,215.89** |

Although the sales price to Buyers is less than the market value amount estimated by Ms. Banducci in the *Application for Order Authorizing Employment of Real Estate Broker* filed on October 28, 2010, the Trustee believes that the offer is in the best interest of the estate because of the current real estate market and the fact that the Real Property has been on the market for so long. The sale of the Real Property to Buyers allows the Trustee to finalize the administration of the estate and make a distribution to creditors.

The claims bar date has passed and two creditors filed claims totaling $15,876.68 in Debtor's case. The sale of the Real Property will generate sufficient income to make a distribution of approximately 100% after payment of administrative fees and costs, with a potential return to Debtor.

## III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion be granted;

2. he be authorized to sell the estate's interest in the 1980 Silvercrest 12x64 doublewide mobile home and real property located at 6301 Springdale, Bakersfield, CA (together "Real Property") to Zbigniew and Boqumila Bobinski ("Buyers") for $32,000.00, subject to higher and better bids;

3. he be authorized to pay real estate commissions totaling 6% out of escrow;

4. he be authorized to execute all documents necessary to effectuate the sale of the estate's interest in the Real Property to Buyer; and

5. for such other relief as the court determines is just and proper.

Date: October 6, 2011

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Lisa Holder
LISA HOLDER, ESQ.
Attorneys for Randell Parker
Chapter 7 Trustee

---

[1] The secured claims represent estimated property taxes owed for 2009-2010. According to the Kern County Treasurer-Tax Collector's Office, Debtor has not paid the property taxes for the 2009-2010 tax year.

35L7431.DOC  3